IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02789–PAB–KMT

JUANETTA LAWRENCE,

    Plaintiff,

v.

SCHOOL DISTRICT NO. 1, IN THE CITY AND COUNTY OF DENVER, a/k/a DENVER PUBLIC SCHOOLS,
BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1, IN THE CITY AND COUNTY OF DENVER, a/k/a DENVER BOARD OF EDUCATION, and
ONE OR MORE JOHN DOES,

    Defendants.

---

## ORDER

---

This matter is before the court on the "Motion for Leave to File Attached Second Amended Complaint." (Doc No. 44, filed Apr. 12, 2012.) Defendants' "Response to Motion to [sic] for Leave to File Second Amended Complaint" was filed on April 26, 2012. (Doc. No. 46.) In her Motion, Plaintiff seeks to add a breach of contract claim based on Defendants' alleged continued failure to pay Plaintiff unused sick and personal leave benefits.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC*

*v. Aspen Valley Hosp. Dist*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rule require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion: it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Although Defendants' originally opposed Plaintiff's Motion (*See* Mot. at 1), Defendants now indicate that they have decided not to oppose Plaintiff's Motion (Resp. at 2). Thus there is no argument of—and the court does not otherwise find—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.

Therefore it is

ORDERED that the "Motion for Leave to File Attached Second Amended Complaint"

(Doc No. 44) is GRANTED. The Clerk of the Court is directed to file Plaintiff's Second

Amended Complaint. (Doc. No. 44-1.)

Dated this 14th day of June, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge